IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| William Jude Hart, | ) | |
| | ) | **ORDER** |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Case No. 1:14-cr-013 |
| Leann K. Bertsch, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, William Jude Hart, is an inmate at the North Dakota State Penitentiary ("NDSP"). He initiated the above-entitled action on February 6, 2014, with the submission of a *pro se* complaint. This matter is now before the court for review as mandated by 28 U.S.C. §1915A.

## I. BACKGROUND

Hart claims that he has been denied prison employment and/or educational opportunities on account of his race. Specifically, he asserts:

> The North Dakota State Penitentiary and Rough Rider Industries in violation of the 14th Amendment of the United States Constitution (the Equal Protection Clause) refuse to allow me to both work at Rough Rider Industries and attend Read-Right Classes just as they allow other inmates to do. This decision is based on Race.

(Docket No. 2). In his prayer for relief he demands that the NDSP hold all prisoners seeking employment to the same educational standards.

## II. STANDARD GOVERNING INITIAL REVIEW

When a prisoner proceeding *in forma pauperis* seeks to sue a governmental entity, officer, or employee, the Prison Litigation Reform Act of 1995 ("PLRA") requires the court to conduct an early screening of the complaint to weed out claims that clearly lack merit with the hope that this will help lessen the burdens imposed by the ever-rising numbers of prisoner suits, which too often

1

are frivolous and without merit. Jones v. Bock, 549 U.S. 199, 202-03 (2007); Woodford v. Ngo, 548 U.S. 81, 83-84 (2006). In conducting the screening required by 28 U.S.C. § 1915A, the court is required to identify any cognizable claims and to dismiss the complaint, or any part of it, that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.

Neither 42 U.S.C. § 1983 nor the PLRA imposes any heightened pleading requirements, however. Jones v. Bock, 549 U.S. at 211-12. Consequently, in order to state a cognizable claim, the complaint need only meet the minimum requirements of Fed. R. Civ. P. 8(a)(2), which are that it contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam). In addition, when a prisoner is proceeding *pro se*, the court is obligated to construe the complaint liberally and hold it to a less stringent standard than what normally would be required of attorneys. Id.; see also Federal Express Corp. v. Holowecki, 552 U.S. 389, 402 (2008).

Nevertheless, even though the pleading requirements are minimal and complaints are to be liberally construed in *pro se* cases, this does not mean that the court must accept everything or anything that is filed by *pro se* prisoners. In enacting the screening requirement, Congress obviously expected it to be more than a ritualistic exercise and that courts would only allow to go forward those claims that state a cognizable claim, that seek relief from a non-immune party, and that are not obviously frivolous or malicious.

To meet the minimal pleading requirements of Rule 8(a)(2) for stating a cognizable claim, something more is required than simply expressing a desire for relief and declaring an entitlement to it. See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 n.3 (2007) ("Bell Atlantic"). The complaint must state enough to "give the defendant fair notice of what the ... claim is and the

2

grounds upon which it rests." Erickson v. Pardus, 551 U.S. at 93 (quoting Bell Atlantic, 550 U.S. at 555). In addition, even though the complaint is to be liberally construed, it must also contain enough to satisfy Bell Atlantic's "plausibility standard." E.g., Ventura-Vera v. Dewitt, 417 F. App'x. 591, 592, 2011 WL 2184269, at *1 (8th Cir. 2011) (unpublished per curiam) (citing Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) for the appropriate post-Bell Atlantic standard); see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004) (*pro se* complaints must allege sufficient facts to state a claim). Complaints that offer nothing more than labels and conclusions or a formulaic recitation of the elements are not sufficient. See id. Frivolous claims are those that are clearly baseless, fanciful, fantastic, or delusional. See Denton v. Hernandez, 504 U.S. 25, 32-34 (1992).

To state a cognizable claim under § 1983, a plaintiff must normally allege a violation of a right secured by the Constitution or the laws of the United States and that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Walker v. Reed, 104 F.3d 156, 157 (8th Cir. 1997). Even under liberal pleading standards, a *pro se* litigant, at the very least, must invoke rights under the Constitution or federal law in order to plead a § 1983 claim. Walker v. Reed, 104 F.3d at 157-58.

Finally, even though the court is obligated to construe *pro se* complaints liberally, the court is not required to ignore facts that are pled by a prisoner when they undermine the prisoner's claim. The court may accept as true all facts pled in the complaint and conclude from them that there is no claim as a matter of law. E.g., Thompson v. Illinois Dep't of Prof'l Regulation, 300 F.3d 750, 753-754 (7th Cir. 2002) (citing other cases).

### III. DISCUSSION

Prisoners have no right to a job or particular job assignment. See Battle v. Minn. Dep't of

Corr., 40 Fed. App'x 308 (8th Cir. 2002) (opining that prisoners have no constitutional right to work or educational opportunities); see also Lomholt v. Holder, 287 F.3d 683, 684 (8th Cir. 2002) (per curiam) (prisoners do not have a constitutional right to a particular prison job); Wishon v. Gammon, 978 F.2d 446, 449-50 (8th Cir. 1992) (same). That being said, prison officials cannot discriminate against prisoners on the basis of their race assigning them a job. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) ( "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race."); see also Williams v. Meese, 926 F. 2d 994, 998 (10th Cir. 1991) ("[P]rison officials cannot discriminate against [a prisoner] on the basis of his age, race, or handicap, in choosing whether to assign him a job or in choosing what job to assign him[.]").

To state an equal protection claim, a prisoner must allege sufficient facts to show that he received treatment different from "similarly situated" inmates and that different treatment resulted from either intentional or purposeful discrimination. See Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). "To meet this requirement, [a prisoner] is required to set forth 'specific, non-conclusory factual allegations that establish improper motive.'" Bliss v. Attorney General of U.S., No. 8:07-160, 2009 WL 3105257, at * 6 (D.S.C. Sept. 23, 2009) quoting (Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003)); see also Moore v. Speybroeck, 74 F.Supp.2d 850, 854 (N.D. Ind. 1999) ("A plaintiff must allege specific facts substantiating his belief that he was singled out as a member of a group at least in part for the purpose of causing an adverse effect on the group.").

Here, Hart's claim consists of nothing more than the conclusory allegation that he was denied the opportunity to work at Rough Rider Industries and attend Read-Right Classes because of his race. This allegation alone is not enough to constitute a plausible claim for relief. See Wright v.

Gutierrez, NO. CV 11-4343, 2012 WL 1570619, at * 7 (C.D. Cal. April 3, 2012) (citing Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265 (1977), for the proposition that "[c]onclusory allegations by themselves, do not establish an equal protection violation without proof of invidious discriminatory intent."); see also Church v. Oklahoma Corr. Ind., No. CIV–10–1111–R, 2011 WL 4376199, at * 5 (W.D. Okla. Aug. 15, 2011) ("Plaintiff's wholly conclusory allegations regarding the selection of an African American inmate over Plaintiff for a work assignment do not state a plausible claim for relief . . . .Plaintiff's speculative assertion that the decision was motivated by interests violative of the Equal Protection Clause does not state a plausible claim for relief."); Vasquez v. Childress, No. 6:11cv86, 2012 WL 2423656, at *9 (E.D. Tex. June 25, 2012) (concluding that a prisoner's bald assertion that he was denied insulin because of his race was too vague and conclusory to constitute a cognizable constitutional claim); Banks v. Pearson, No. 5:09cv148, 2010 WL 2817180, at *4 (S.D. Miss. Mar. 22, 2010) (concluding that a prisoner's unsupported allegations of racial discrimination were insufficient to state a cognizable equal protection claim); Webber v. Bureau of Prisons, 198 Fed. App'x 406 (5th Cir. 2006) (affirming the district court's findings on initial review that a prisoner's equal protection claims were conclusory and therefore subject to dismissal). As a consequence, his claim in its present form is subject to dismissal. That being said, before it dismisses Hart's claim, the court is inclined to first give him an opportunity address his pleadings shortcomings by filing an amended complaint setting forth in greater detail the factual basis for his claim.

## IV. CONCLUSION

Hart is hereby **GRANTED** leave to file an amended complaint to address the deficiencies mentioned above, to wit: he must file the amended complaint with the court by April 15, 2014, with

5

the understanding that it will again be subject to an additional §1915A screening upon receipt. If Hart does not file an amended complaint by April 15, 2014, the above-entitled action shall be dismissed.

Dated this 4th day of March, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court