# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| William Jude Hart, | ) | |
| Plaintiff, | ) | **ORDER APPOINTING COUNSEL** |
| vs. | ) | |
| Leann K. Bertsch, Robyn Schmalenberger, Rick Gardner, Bruce Korte, | ) | Case No. 1:14-cv-013 |
| Defendants. | ) | |

On May 31, 2016, the court adopted the undersigned's report and recommendation in part and granted plaintiff's motion for appointment of counsel. (Doc. No. 55). Accordingly, attorney Ross Espeseth and his firm are appointed to represent plaintiff in this matter.

In making the appointment, plaintiff must understand that the presentation of his case will now become the responsibility of his attorney, who is required to follow the applicable rules of procedure and evidence and exercise professional judgment, including, for example, deciding what matters are relevant and what are not. In addition, not only is plaintiff not entitled to an attorney as a matter of constitutional or statutory right, he also is not entitled to an attorney of his choice. Hahn v. McLey, 737 F.2d 771, 774 n.2 (8th Cir. 1984). By this order, the court is appointing an attorney who is fully capable of representing plaintiff. However, if plaintiff disagrees, or if a situation later develops that makes it impossible for the attorney being appointed to exercise his professional judgment and there is a need for the attorney to withdraw, plaintiff is advised now that the court is unlikely to appoint replacement counsel, regardless of the consequences it may have for his case. Cf. Swope v. Cameron, 73 F.3d 850, 851 (8th Cir. 1996).

The foregoing appointment of counsel is limited to the above-captioned case and the sole

1

claim that the court has allowed to go forward, which is one of racial discrimination. Counsel is not required to represent plaintiff with respect to any other matter or to bring other or new claims that plaintiff may believe are related.

Finally, the appointment is only for the purposes of representing plaintiff in this court. If plaintiff is unsuccessful, there is no obligation to represent plaintiff on appeal, file an appeal on his behalf, or provide advice with respect to how such an appeal should be filed. Plaintiff is advised in advance that the deadline for filing an appeal in the event of an adverse decision is thirty (30) days from the date of entry of judgment and that such an appeal must be filed with clerk of this court (*i.e.*, the district court) in accordance with provisions Fed. R. App. P. 3 & 4.

The Clerk shall provide plaintiff with a copy of this Order.

**IT IS SO ORDERED.**

Dated this 11th day of August, 2016.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr., Magistrate Judge
United States District Court